ORD NATIONAL BANK v. HENRY J. WELLS.

FILED JANUARY 17, 1895.   No. 5311.

Usury: ACTION TO RECOVER PENALTY: PLEADING. A petition for the recovery of double the amount of interest, in which was included usury paid to a national bank, is sufficiently definite in its statement of facts when therein is shown the dates and amounts of the several loans, the usurious rate of interest stipulated for, and the date and amount of interest actually paid upon the closing up of the series of transactions described.

ERROR from the district court of Valley county. Tried below before HARRISON, J.

*A. M. Robbins,* for plaintiff in error, cited: *Schuyler Nat. Bank v. Bollong,* 24 Neb., 822; *Brown v. Second Nat. Bank of Erie,* 72 Pa. St., 209; Tyler, Usury, 456; *New England Mortgage Security Co. v. Sandford,* 16 Neb., 690; *Manning v. Tyler,* 21 N. Y., 567; *Anglo-American Land, Mortgage & Agency Co. v. Brohman,* 33 Neb., 409.

*A. Norman, contra,* cited: *Hall v. First Nat. Bank of Fairfield,* 30 Neb., 99; *Wycoff v. Longhead,* 2 Dall. [U. S.], 92; *Turner v. Calvert,* 12 S. & R. [Pa.], 46; *Musgrove v. Gibbs,* 1 Dall. [U. S.], 216; *Kirkpatrick v. Houston,* 4 W. & S. [Pa.], 115; *Lamb v. Lindsey,* 4 W. & S. [Pa.], 449; *Thomas v. Shoemaker,* 6 W. & S. [Pa.], 179; *Oyster v. Longnecker,* 4 Harris [Pa.], 269; *Craig v. Pleiss,* 2 Casey [Pa.], 271; Bliss, Code Pleading, sec. 118.

RYAN, C.

This action was brought by the defendant in error in the district court of Valley county for the recovery of double the amount of interest paid to plaintiff in error. There was a verdict and judgment for the amount prayed, less certain notes allowed by way of counter-claim.

The plaintiff in error insists that the petition in the district court was not sufficiently specific in this, that the several renewals were not fully described as to the amount of interest to be paid and for what periods. As we understand the petition, there was sought only a recovery of double the amount of interest, inclusive of usury, actually paid. The date and amount of this payment were with exactness alleged and proved. The several antecedent renewals were merely stated by way of inducement. The date of the actual payment of interest, including usury, and the amount thereof were the essential matters to be established. When it appeared from the averments of the petition what loans were made, when they were made, and at what rate of interest, as it did in this case, there were sufficient preliminary averments.

It is urged that the petition described the first transaction as a loan, while the proof showed it was but a renewal. It is sufficient to say in regard to this that a loan is none the less a loan because it happens to be a renewal loan. The assignment of error as to instructions cannot be considered, because one of these is as to seven instructions, the other as to eight. On examination of these two groups we find in each that some, and we might in this case say all these instructions are invulnerable to criticism. Under these circumstances these assignments can secure no consideration. There was sufficient evidence to sustain the verdict, and as we find no error in the record the judgment of the district court is

AFFIRMED.

HARRISON, J., having presided at the trial of this case in the district court, took no part in its consideration in this court.